

**THE ATTORNEY GENERAL**

**OF TEXAS**

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. C. Woodrow Laughlin　　Opinion No. O-3055
County Attorney　　　　　　Re: Does the Commissioners' Court
Jim Wells County　　　　　　of Jim Wells County have authority
Alice, Texas　　　　　　　　to expend funds for establishing,
　　　　　　　　　　　　　　maintaining and operating a book-
Dear Sir:　　　　　　　　　mobile library?

　　　　Your letter of August 8, 1941, requesting the opinion of this department upon the above stated question has been received.

　　　　We quote from your letter as follows:

　　　　"I submit herewith for your opinion the following question:

　　　　"'Does the Commissioners' Court of Jim Wells County have authority to expend funds for establishing, maintaining and operating a bookmobile library?'

　　　　"In 11 Texas Jurisprudence, 563, we find that 'counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined and defined in the Constitution and statutes.' There is cited therein the case of Edwards County vs. Jennings, 33 S.W. 585.

　　　　"It is provided in Article 1677, Vernon's Annotated Revised Civil Statutes of Texas, as follows:

　　　　"'The Commissioners' Court of any county may establish, maintain, and operate within their respective Counties, county free libraries in the manner and with functions prescribed in this title. . . .'

　　　　"Article 1679, Vernon's Annotated Revised Civil Statutes of Texas provides that not exceeding five cents of the General Fund tax shall be set aside annually in the event a county free library is established.

　　　　"A bookmobile has been described to me as a traveling library to be used only in the County and will not be used in the city limits of Alice.

Hon. C. Woodrow Laughlin, page 2

"It is therefore the opinion of this office
that the Commissioners' Court of Jim Wells County
has the authority to expend not exceeding five
cents of the General Fund tax for establishing,
maintaining and operating a bookmobile library."

It is stated in Texas Jurisprudence, Vol. 11, p. 564:

"The Commissioners' Court of any county may
establish and maintain county free libraries in
the manner prescribed by statute."

In the case of City of Fort Worth, et al. v. Burnett,
et al, 115 S.W. (2d) 436, we find the following statement:

"We find that the new International Encyclo-
pedia has this to say in defining a library:
'It is generally held that the library has three
functions:  (1)  as a storehouse for books and
knowledge; (2) as a laboratory for study and re-
search; (3) as affording sane recreation.'"

It will be noted that Article 1678, Vernon's Annotated
Civil Statutes, provides in part:

". . . The county library shall be located
at the county seat in the courthouse, unless more
suitable quarters are available."

We think that it is apparent from the above quoted pro-
vision of Article 1678, supra, that the county library must be
located at the county seat and in the courthouse, unless more
suitable quarters are available.  In other words, we think that
the Legislature intended that the county free library should be
located at the county seat in the courthouse, unless as above
stated, more suitable quarters are available, meaning that if
more suitable quarters are available within the county seat, then
the county free library could be located at such quarters and
not in the courthouse.

Under Title 35, Vernon's Annotated Civil Statutes, re-
lative to county free libraries, the Commissioners' Court of any
county is authorized to establish and maintain the county free
library and branches or subdivisions thereof.  We do not think
that the Commissioners' Court of any county has the authority to
expend funds for establishing, maintaining and operating a "book-
mobile library" in lieu of the regular county library which is
to be established at the county seat.  However, if the county

Hon. C. Woodrow Laughlin, page 3

has established, and is maintaining and operating a county free library at the county seat of such county, then, we think the Commissioners' Court is authorized to expend funds for establishing, maintaining and operating a "bookmobile library" as a branch or subdivision thereof.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED AUG 21, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED: OPINION COMMITTEE
BY:       GWB, CHAIRMAN

AW:GO:wb